Thank you. Good morning, Your Honors. Good morning. Mr. Greenspan. Yes. Yes, Your Honors. My name is Scott Greenspan from Pillsbury-Winthrop Shaw Pittman for the appellant at Great River Entertainment, LLC. Our federal courts, including this court, are courts of limited jurisdiction and can only exercise that power which the Constitution and statutes of Congress grant them. Jurisdiction over all other matters is left to the states. And that's basic federalism. It's one of our country's great principles that separates us from many others. That's what we're here about today. That's what the argument's all about. There's no dispute that this court lacks subject matter jurisdiction over this case because it lacks complete diversity. Wait, wait, wait, wait, wait. Wrong. That's what we're here to talk about. Don't state the conclusion before you make the argument. Let me demonstrate it to you, Judge Logan. You're going to go outside. I assume you're going to do what we asked in the order be done. Of course. And by the way, all those 28Js that came in two or three days before I started a 25-case week, I didn't read them. Those should have been sent in way before. And the ones that are not from the Eighth Circuit, I'm not going to read, except for Moffitt. Okay. And you've got your hands full distinguishing Moffitt. Okay. Well, okay, here's where we stand. My client is a limited liability company. It's a citizen of the state of all of its members. That is the precedent not only of the U.S. Supreme Court, but of this circuit in the leading case of GMAC Commercial Credit LLC versus Dillard's Department Stores, Inc. That's 357 Fed 3rd, 827. That is the leading case in this circuit on this exact topic. In this case, this court held that a limited liability company is indeed a citizen of the state of all of its members. And in that case, Your Honor, this court followed the U.S. Supreme Court's holding in Cardin versus Arkema Associates. That's actually the case that was in this court's text order at 494 U.S. 185. And in the GMAC case, we actually are confronted with a case that was pretty similar to this case except the failure spot jurisdiction was a lot more egregious. There, the plaintiff commenced a diversity action. Plaintiff was an LLC. You don't have to explain that case. You don't think we've all read it? Okay. Well, we think it applies directly here. In that case, the court took a look at it. I mean, the failure to spot the lack of diversity was brought by the plaintiff who had availed itself of the federal court. And it was spotted after the trial, after discovery, and a jury trial, and an adverse verdict by new counsel on appeal. So nonetheless, this court recognized that Cardin controls and remanded it, you know, to the district court because it wasn't clear from the papers as to whether, what state the members of the plaintiff LLC were from. In this case, it's actually crystal clear because in the motion papers that we submitted, we attached a number of documents. We attached the operating agreement of our client and all the amendments thereto. Those were Exhibits 3 through 6 in the second supplemental declaration of Gary Hoyer. And we also attached the membership lists of our client as Exhibits 1 and 2 to Mr. Hoyer's second declaration, which lists all of the members. Now, there was a big distinction between this and GMAC, and of course, the result, we just remanded. You don't want us to just remand. But beyond that, there was no affirmative assertion of the membership's citizenship. There was simply an assertion of diversity based on the typical corporate basis for citizenship. That was the same in this case. I want to be clear. No, no, no. That's not the same in this case. Well, let me explain. In this case, your client lied to the court and affirmatively pleaded that all the members were diverse. Okay. In this case, my client, first of all, didn't avail itself federal jurisdiction. It began the case in state court. It did. I'm talking about the amended and substituted complaint, which asked the district court to assume jurisdiction based on the allegation of diversity, consistent with the LLC rules, and then asked for affirmative relief. And when the court granted relief, you revoked the lie, claiming new discovery of what obviously should have been known at the time of the lie. Now that strikes me not as creating jurisdiction, which was kind of the rubric of Moffitt, which raises all kinds of scary connotations. What it reminds me of is the notion of fraud in the court, which is always a potential defense to the kind of after-the-fact assertion of no jurisdiction you're making. Okay. Now why isn't this like fraud on the court? And if it is, what should we do about it? Okay. I don't believe this is fraud on the court. This was an honest mistake by a seven-lawyer firm. You don't believe. Did you research that, all the ramifications of the open-ended concept of fraud on the court? Did you spend the kind of time that I will spend on that? Let me see if I can explain as best I can. The complaint that, the amended complaint that my client filed after it was removed to federal court where it didn't want to be in the first place, wanted to be in state court, alleged only one fact, really, with respect to citizenship. And that is that it was incorporated in the state of, or that it was formed under the laws of Iowa, which is true, and that its principal place of business was in Iowa, which is true. Those are the only facts that it alleged. Those facts are accurate, but they are of absolutely no moment to whether there is diversity of jurisdiction. What was the response to the allegation in the removal papers? That we've done our research, and as best we can tell, all the members, based on our attempt to be diligent, all the members are, indeed, diverse. How did you respond to that? First in the removal papers, second in your complaint, and third in your answer to their complaint. Right. Did you admit that? Well, first of all, I wasn't... Yes or no, did you admit that? I believe the removal, I believe what, what, Mr. No, when you answered their removal, what their... Okay. They didn't, they didn't resist my, my colleague, Mr. Carney, who was the lawyer at the time, didn't understand the difference between how a corporation and an LLC are treated for purposes of diversity. That was the problem. I was... Wait a minute. That would require an evidentiary hearing. Well, as I said, this was an honest mistake of law by a small firm in Des Moines. I was brought in to argue before this court, and within three days, essentially within two weeks of me being retained, I discovered the error, immediately brought it to the attention of the client, and within three days, there was a motion to vacate judgment because it was Mr. Carney's ethical duty and mine to bring it to the court's attention as soon as I knew it. This is not the first COVID case that that mistake has been made. I litigate COVID cases all over the United States, and unfortunately, this is the second time I've seen this mistake made in my practice. As soon as I saw it, I brought it to the court's attention immediately. But this was not any sort of a bad faith move on Mr. Carney's part. This was a legal mistake. It doesn't matter whether it was, whether it was bad faith or not. It was a tremendous waste of judicial resources, and that shouldn't be allowed. Period. I understand what you're on about. If you can skate out with Garden, out from under with Garden, then we get to Bellevue. Mm-hmm. Yeah, I mean, with respect to Garden, I mean, in GMAC, like I said, this court, in that They've sued in this court. They weren't removed. They sued. They alleged they were diverse. That's no different than my client alleged in its amended complaint after it was removed. They said there was diversity. They made a mistake because they were mistaken about how corporations are different than limited liability companies. And after they lost their trial, we're not talking here about this case where there was only a pleadings motion. They went to trial. They wasted jurors' time. They lost. They had fired their counsel and new counsel, much sort of like I in some manner, although I was just brought in to argue this case. New counsel discovered the error, brought it to this circuit's attention, and the circuit did, in that case, remand to the district court. It still considered the jurisdictional defect as absolutely valid because it has to because no conduct of the parties can create jurisdiction that does not exist. And that is the U.S. You know, which is a well-known U.S. Supreme Court precedent in Insurance Corporation of Ireland Limited versus Company Bauxite Stegini, 456 U.S. 694. How about the Ferguson case in the Sixth Circuit? How would you distinguish that? The Ferguson case in the Sixth Circuit, those are cases – well, the difference between Ferguson and there's a Ninth Circuit series of cases, too. This circuit has never held that judicial admissions of fact can create subject matter jurisdiction where it doesn't exist. So are you suggesting it's not distinguishable as just a circuit split? Well, actually, the chief judge in the Northern District of Ohio – excuse me, the chief judge in the Northern District of Iowa did a very good job. Chief Judge Williams basically said, I'm not following those cases. Correct. And I'm wondering if you're urging us not to follow those cases or if you're arguing they don't apply. Yeah, I'm urging you not to follow those cases. Yes, that case is the Gino source case, 386 Fedsup 3rd at 984. I'm urging you to look at the reasoning by Judge Williams. What Judge Williams is saying is that if you look at the Supreme Court's precedent in insurance corporation of Ireland versus a company Bauxite, you have to look at what Justice Scalia said. You have to look at federalism. That is that you cannot exercise jurisdiction where you don't have it, that the conduct of the parties cannot usurp the Constitution and federal statute to give you jurisdiction that you don't have. And I think Judge Williams is absolutely correct. That's federalism. That's the basis of limited government and limited role of the federal judiciary. And so what Judge Williams held there is that to allow a judicial admission of fact, which this is not, because there was not an incorrect statement of fact. I'm sorry, Your Honor. I apologize. I mean, I guess the assertion was that there was complete diversity, right? Now, I guess the question is, is that an assertion of fact or a conclusion of law? Actually, this It certainly implies certain conclusions of fact. Yes. Judge Williams in general source was confronted with that exact question. And what Judge Williams said there is that regardless of whether it's a fact, whether it's an assertion of fact or a law, Judge Williams found that if you say there's diversity, you're assuming that the facts support it. Other courts have said that an assertion of jurisdiction is itself only a legal conclusion. That could be an interesting area for supplemental briefing. But what the judge said is at the end of the day, if you allow the representation of a party to create jurisdiction where none exists, you'd be effectively extending a federal court's authority beyond the bounds of constitutional and statutory grants of authority and effectively allow parties to create jurisdiction by consent, which the Supreme Court in the Buckside case said you can't do. Counsel, I have this e-mail that seems to be the basis for the notion that there are admissions of fact or stipulations. It says, otherwise, the information you have in your notice of removal looks accurate. That's not a mere statement of law. That's a statement of agreement about facts, isn't it? I don't think so. I think it is a statement of law because Mr. Carney misunderstood that he believed that an LLC is treated the same as a corporation. I guess I'll have to re-read the notice of removal to see what information might be fairly admitted there. It seems to me this is certainly slightly different from a mere conclusion that jurisdiction exists. But I'll take a look at it. Thank you. I'm supposed to have rebuttal time, but I see I've gone almost into it. So I will reserve what's left for questions. Thank you. Mr. Babin? Thank you, Your Honors. Jeffrey Babin of Wiggin & Dana for the Appley-Zurich American Insurance Company. Judge Arnold, you referenced the notice of removal. The notice of removal was very clear. Zurich didn't blindly proceed with that regard to the requirements of diversity jurisdiction, only to have these facts come out during appeal. They specifically alleged what the law was so that trial counsel on the other side would understand how you determine the citizenship of an LLC. Specified the citizenship of Zurich, which is based in Illinois and a New York corporation. Referenced the fact that Great River, despite the fact that it is a registered LLC in Iowa, went further. And this is a company that with LLC, it's sort of opaque. But through diligent research, came up with a list of Iowa members, listed them by name and domicile. And that was in the notice? That is all specific in the notice of removal. So it's almost as if it's a pleading, which they then conceded. Even though allegations of a complaint are simply allegations, here we have the reverse. We have specific. There were no citizens, no other state was represented in the citizenship taxonomy? Not that we were able to find. Now, we only had 30 days to exercise our statutory right to removal. We did our research. We understood what the law was and we specified it. Figuring if that was not the case, they have their own records. Okay, but they didn't assert. I see what you're saying. Yes. And so it's effectively a concession and admission of what we said in the notice of removal. It's a concession that what you say about these particular people is true, right? Or that these are the only members that we could find through public sources. Yeah, but that doesn't mean that, okay, it's slightly different from saying there are others. Well, you didn't know that there were others at the time. I know you didn't. I'm talking about their concession. You know, their concession. Yes. Well, they said that the information in your notice of removal was correct. Okay. And that they didn't contest it. They didn't move for a remand. They confirmed the facts. And they doubled down by filing the amended complaint. They could have just simply relied on the state court complaint. They purport to say they preferred to be in state court. But then when it was removed, they refiled the complaint, pleading diversity jurisdiction and effectively conceding the factual statements in our notice of removal. Zerk had no cause at that point to do more. The district court, unlike in the Bellevue case, which was critical of the district court, the district court would have had no cause to do more at that point. Now, Judge Kobus referenced the Ferguson case. The Ferguson case is the Sixth Circuit case is one of numerous cases from around the country. Virtually every circuit has addressed this issue. But we have not. We have not found a specific case on the Eighth Circuit. But the Ferguson case refers to longstanding principle from a U.S. Supreme Court case that says although the consent of parties can't give courts jurisdiction, quote, but the parties may admit the existence of facts which show jurisdiction and the courts may act judicially upon such admission. Do you think that was part of the holding of the court or do you think it was dictum? My recollection is that Ferguson, the second part of the opinion, the court found in fact that there was federal jurisdiction because the company at issue was subject to the FLSA. Yes. Some of the cases we cite, it is dictum, but it is a longstanding principle that's been cited over and over again. And in fact, the case just from a few weeks ago from the District of Oregon that we included because it was a brand new case we just included in our 28-J letter, it dealt with a corporate disclosure. I'm sorry, it dealt with an LLC. And there I would posit that it was not dictum. And what's important too about the District of Oregon case is that it wasn't an answer to a complaint. They admitted it in statements in a corporate disclosure statement. So these concessions can come in many forms. And the Ferguson case refers to not only the U.S. Supreme Court principle, but also refers to a Fourth Circuit case where they accepted stipulations of fact. While we had an email exchange, we didn't have to then file it as a stipulation. Effectively, they came to the same conclusion as a stipulation. The difficulty I'm having is I'm not sure how the general operating principle is that parties cannot create jurisdiction by consent. So aren't these cases on a collision course with that very basic idea that if you accept a proposition that you can create jurisdiction by stipulation, isn't that the same thing as creating it by consent? Well, Your Honor, what the courts have said time and again, and we absolutely don't dispute this, is that subject matter jurisdiction can be raised at any time. But that's different than when affirmative statements have been made leading to a final judgment. I agree it's different. But what do you do with this sort of superintending principle out here about you can't create jurisdiction by consent? Well, but it wasn't simply by consent. So this is important. That's what a stipulation is. It's a consent to what? Well, it's a consent to facts which underlie. I understand. But we also have to understand the posture of this case. So, for example, in the District of Oregon case I mentioned, it refers to Rule 60b-4 of the Federal Rules of Civil Procedure. This is different than some of the other cases where the issue came up before judgment. Here it comes up after judgment. And 60b-4, and what the case law says under that rule, is that you don't lightly void judgments because of a lack of jurisdiction unless there was a complete usurpation of jurisdiction. But if jurisdiction was arguable at the time in the district court, it is not a complete usurpation of jurisdiction. And certainly when you have not when the parties have simply ignored the issue and the district court has ignored the issue, but when the parties have actually affirmatively conceded facts that would arguably create jurisdiction, then Rule 60b-4 doesn't apply and you can't undo a final judgment in that circumstance. But you agree the Seventh Circuit disagrees, right? Judge Easterbrook's opinion? I mean, how do you distinguish that case from this case? Well, the Belleville case, Your Honor, is sort of the classic everyone's head buried in the sand because there it was the typical situation where somebody brings the complaint and the defendant just simply ignores the issue and both sides ignore the issue. Well, there was perhaps less than ideal lawyering in that case. Fair point. That is certainly the case. Without going on the record, I think the allegation could be made here too that there were errors made. I don't see how that's particularly distinguishable. The only thing I can see that's different in that case is that the Court of Appeals discovered the jurisdictional problem, whereas here we were notified, the Court of Appeals was notified by a party, the jurisdictional problem. That's right. But Belleville is sort of the classic situation and the GMAT case that's referenced, which is the Eighth Circuit case, which established the principle of how you determine diversity of citizenship in these kinds of entities, were cases where no one recognized the issue. Here, but what the case law has said time and again, is where the issue has been brought up and the facts are established and there's arguably then a basis for jurisdiction. We do not then upset that. But isn't the allegation here basically that an attorney misunderstood the diversity rules for LLCs? I think it's a fine line you're drawing between this case and that case, the Seventh Circuit. You've got someone who missed something in both situations. But here, of course, we didn't blindly assume that. If that's critical, I think we remain for an evidentiary hearing, which all the lawyers will... Which what? Which half the lawyers will detest and half will think it's fun. Well, certainly, you know, there is precedent for that. But we believe... I don't see how we can make an assumption if it's critical to the issue. Yeah. I mean, I know officers of the court are... You just take us for our word because we're officers of the court, but not when it's a case dispositive issue. Well, what's unfortunate here, Your Honor, is that even if we go to Iowa State Court and we haven't gotten to the merits yet, we're just simply going to be spinning our wheels because we believe the law is very clear on these legal issues. But if we are at the district court, we would seek sanctions because 28 U.S.C. 1927, which is, in fact, separate from Rule 11, allows sanctions where a party has unnecessarily multiplied proceedings. I wasn't talking about a sanctions hearing. I was talking about a hearing if the dispositive question is whether this was an innocent mistake by someone who didn't know the rules. Well, Your Honor, we believe... And therefore, Garden can apply. Not a distinction Garden drew, but that's what's being argued this morning. Well, Your Honor, virtually every circuit at the appellate level has said that, and the U.S. Supreme Court has said that when you have the omission of facts to switch underlying jurisdiction. Some of those cases don't deal with diversity jurisdiction, though, do they? Well, actually, one of them has to do with the amount of controversy, I think. One of them did have to do with the amount of controversy. I don't know. It seems to me it might be different. I'm skeptical of the whole idea of an estoppel in this situation. I'm not sure about that. But even if I were to accept that notion, I'm not sure. These cases are not exactly on all fours with this particular situation in terms of the facts to which the kinds of facts that are stipulated to them. That troubles me some. Well, the Oregon case was about citizenship of an LLC. That's in our recent letter, which just came out a few weeks ago, and relies on these same principles. The district court case that has been mentioned, the Jenna Source case, again, a district court case which specifically said, we're not going to follow. The judge said, I'm not going to follow what other circuits have said, but this circuit obviously can make its own decision. But it has to be remembered that that was a case that was also not after judgment. So Rule 60b-4 and the standard of not lightly overturning judgments wasn't at play, where here you have specific arguably there was jurisdiction because of the factual assertions that were made and the concessions that were made. The Jenna Source case simply was not in that posture. The case was still at the district court. The court could still do something about it before all the complete waste of judicial resources that we have seen in this case. Regardless of what rule the motion was made under, we have an independent obligation to determine jurisdiction, don't we? But based on the facts that as they're said. I'm not sure the rule is necessarily the case. Your Honor, there's also, I'm sorry, go ahead. I'm sorry, do you see what I'm saying? Yes, I understand. But we also have to look at the fact that this circuit, this circuit has said in multiple cases that they don't review findings of fact that underlie subject matter jurisdiction, including diversity jurisdiction, de novo. They review them for clear error. So this court does not engage in always a searching de novo review. And so I'll mention, Your Honor, a very recent case from 2022. I'll send it back in any event if we do anything, but you have the district court to do that. But we already have a district court decision that was based on these underlying facts. And so this is the case of Wagstaff and Cartmel. It's 40F4, 830, at page 839, decided this year, where you determined citizenship determinations for clear error. And the Blakemore case from 789F2, 616, also says that citizenship determinations are a mixed question of law and fact, but mainly fact, and we cannot set aside findings unless clearly erroneous. So just because somebody disputes subject matter jurisdiction doesn't mean that you always toss aside whatever factual assertions or concessions may have been made in the district court. Unless they're clearly in error, and I think it's undisputed here. Is it not? Actually, there's some question, because they, for example, referenced a couple of entities. They list individuals in their belated submission a year after the removal to this court, the day before their appellate brief was due. And they list individuals, and they list two entities. And just as in Belleville, I looked up the corporation, which they say is in Illinois, and in the Illinois Secretary of State, it says it's the Wisconsin Corporation. And then it lists the president and the secretary as having addresses in Milwaukee. So, you know, even if we had looked that up a year ago, it would not have helped. And they list an LLC, which I can't even find the name on the Illinois Secretary of State's website. So there's really, so for them to then kind of raise these issues, which they could have been raised a year earlier at the appropriate time, they should not then be able to toss aside a case and get a do-over. That's simply going to lead to the same result under Iowa law, that every court that has looked at these issues of virus on the premises is no different. I see my time is up, Your Honor. If I could address the merits. Pardon? But every court, including the Torgerson Court of this case, has looked at these, like the oral surgeon case, and when you look at this sort of idea of virus on a surface, that has not caused them to have to refinish surfaces, close their door. Okay, you don't have to argue with me. Thank you, Your Honor. We would ask this court to affirm the judgment below. Thank you. There's rebuttal. All right, rebuttal of six seconds. Oh, sorry. I apologize. Counsel's attempt to distinguish the GMAC case as having no judgment is incorrect. GMAC was a motion to vacate judgment, just like this case. I would also commend the court to its decision in Kessler v. National Enterprises, where the court remanded a nondiverse case in the fourth appeal to this court. The fourth appeal. So to say this court can't do that is not in conformance with this court's precedent. If this court doesn't have jurisdiction, the Eighth Circuit has been a vigorous protector of federalism,  That is the precedent of this court. You simply cannot create jurisdiction by waiver, estoppel, or any conduct of the parties where it doesn't exist. I thank your honors, and I would ask that your honors vacate the judgment and remand to the district court in Des Moines County. I thank you. Thank you, counsel. The case has been thoroughly briefed and helpfully argued, and we'll take it under advisement. Thank you.